UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

In re:

World-Wide Investment                          Case No. 2:19-bk-04897-BKT7
Services Limited (BVI),                         Chapter 7 Case

                    Debtor.
_____/

### PETITIONING CREDITORS' URGENT
### MOTION TO CONVERT CHAPTER 7 CASE TO A
### CASE UNDER CHAPTER 15 OF THE BANKRUPTCY CODE

The Petitioning Creditors, Synapse Investment Limited ("**Synapse**"), Bioreplace Corporation ("**Bioreplace**"), Masayuki Yamakawa ("**Yamakawa**"), and Megumi Matsuzawa ("Matsuzawa") (together, the "**Petitioning Creditors**"), hereby file their Motion to Convert Involuntary Chapter 7 Case to a Case Under Chapter 15 of the Bankruptcy Code ("**Motion to Convert**"), to obtain recognition of a foreign insolvency proceeding as a foreign main proceeding pursuant to § 1501 *et seq.*, and in support thereof, state as follows:

### BACKGROUND

1.      This case arises from the substantial debts owed to investors for amounts paid by those investors into New Century Properties Limited (BVI) ("**NCPL**"), World-Wide Investment Services Limited (BVI) ("**WWIS**"), and Heng Cheong Pacific Limited (BVI) ("**HCPL**") (together, the "**Related Debtors**").

2.      The Petitioning Creditors made investments through each of the Related Debtors in what was represented as a "Guaranteed Foundation Fund" ("**Fund**"). The Related Debtors falsely promised the fund would have a guaranteed minimum annual yield and insurance provided by well-known, global financial firms. However, in reality, this fund was a Ponzi scheme and each of the

Related Debtors misappropriated the capital investors contributed to the Fund.

3.      The Petitioning Creditors made their contributions to the Related Debtors. The Related Debtors then purchased, developed and held millions of dollars of real estate.

4.      After the Fund's investors experienced defaults on the obligations owed to them, some of the concerned investors investigated the various entities related to the Fund, including the Related Debtors. After gaining access to the Related Debtors' accounts and hiring forensic accountants in the United States and Hong Kong, the investors realized that they were victims of a massive Ponzi scheme. This investigation indicated that none of their capital was ever deposited in an actual investment fund and revealed a serpentine web of entities—consisting of the Related Debtors—used to perpetrate the Ponzi scheme.

5.      On August 3, 2019 a receiver was appointed for each of the Related Debtors in the British Virgin Islands ("BVI") pursuant to Section 118 of the Insolvency Act, 2003 ("BVI Receiverships"). A copy of the documentation commencing and closing the receivership is attached hereto as **Composite Exhibit A**.

6.      The Receiver was appointed over the Related Debtors to facilitate the assignment of several promissory notes in favor of PR Capital LLC, the only known secured creditor in this scheme. After receiving the assignment of the promissory notes from the Related Debtors to PR Capital LLC, such property was beneficially held for the benefit of the Petitioning Creditors.

7.      On or about August 23, 2017 the Receiverships were concluded.

8.      On August 26, 2019 ("**Petition Date**"), the Petitioning Creditors filed their Involuntary Petitions for relief under Title 11, Chapter 7 of the United States Code ("Bankruptcy Code") against the Related Debtors ("**Related Chapter 7 Cases**").

9.      Service of the involuntary summonses and petitions in the Related Chapter 7 Cases was perfected on September 3, 2019, making the deadline for the Related Debtors to file their answer September 24, 2019.

10.     On September 6, 2019, Petitioning Creditor Yamakawa applied to appoint joint liquidators for the Related Debtors with the same court where the BVI Receiverships were conducted, the Eastern Caribbean Supreme Court, High Court of Justice, Virgin Islands, Commercial Division ("**BVI Court**").

11.     The application for joint liquidation and accompanying order are attached hereto as **Composite Exhibit B**.  A joint liquidator is expected to be appointed by October 22, 2019, at which time the Related Debtors will be parties to a foreign main proceeding for which the appointed liquidator will seek recognition in this Court pursuant to Chapter 15.

12.     Once the joint liquidator is appointed, the Petitioning Creditors desire to have the liquidation of the Related Debtors in the BVI ("**BVI Liquidation**") recognized as a foreign main proceeding in order to effectuate a harmonious cross-border liquidation of the Related Debtors' assets consistent with Chapter 15 of the Bankruptcy Code.

13.     Once commenced, the BVI Liquidation will constitute a foreign main proceeding, for which the Petitioning Creditors, through the joint liquidator as the Related Debtor's foreign representative, will seek recognition by this Court.

14.     With commencement of the BVI Liquidation now pending, the Petitioning Creditors respectfully request this Court convert the Related Debtors' Chapter 7 cases to cases under Chapter 15 to allow for recognition of the liquidation as a foreign main proceeding.

## RELIEF REQUESTED

15.      The Petitioning Creditors request entry of an order converting this case to one under
Chapter 15 to obtain recognition of the BVI Liquidation as a foreign main proceeding.

16.      And because obtaining an order for relief in the Related Debtors' present Chapter 7
case would be a duplication of the relief available, upon recognition of the BVI Liquidation as a
foreign main proceeding, the Petitioning Creditors request an expedited preliminary hearing on this
motion prior to an order for relief being entered in the cases of the Related Debtors.

17.      Although an express statutory mechanism for conversion from a case under Chapter
7 to one under Chapter 15 is not expressly provided for by the Bankruptcy Code, similarly, the relief
sought by this Motion is not prohibited by any provision of the Bankruptcy Code and will allow for
an equitable, efficient distribution of the Related Debtor's assets within the United States.  In short,
there is no purpose to be served with dueling insolvency estates in both the United States and the
British Virgin Islands.

18.      The Related Debtors qualify as a debtor both under Chapter 7 and Chapter 15 and
thus meet the statutory prerequisite for conversion set forth in § 706(d), which provides that "a case
may not be converted to a case under another chapter of this title unless the debtor may be a debtor
under such chapter." 11 U.S.C. § 706(d). The BVI Liquidation brings the Related Debtors within
the realm of a "debtor" under Chapter 15, which is "an entity that is the subject of a foreign
proceeding." 11 U.S.C. § 1502(1).

19.      Here, conversion to a Chapter 15 would neither prejudice nor inhibit the rights of
any creditors. Conversion to a case under Chapter 15 would further the interests of all creditors and
allow the appointed foreign representative to efficiently administer the Related Debtors' assets
located within the United States through the continuing proceedings initially commenced in the BVI

Court back in 2017.

20.     Conversion of this case to one under Chapter 15 is appropriate because, upon commencement of the BVI Liquidation, all statutory prerequisites for petitioning for recognition of a foreign proceeding will be met. Further, conversion to Chapter 15 will also ensure fair and efficient administration of the Related Debtors' insolvency cases and will provide for protection and maximization of the value of the Related Debtors' assets both within the United States and abroad. *See* 11 U.S.C. 1501(a) (setting forth the purpose and scope of Chapter 15).

21.     Upon appointment of the liquidator, they will qualify as a "foreign representative" as that term is defined by the Bankruptcy Code. The joint liquidator will be appointed by the BVI Court to administer the liquidation of the Related Debtors' assets, and is therefore a "person or body appointed on an interim basis, authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding." 11 U.S.C. § 101(24).

22.     Because the relief available to the Petitioning Creditors through the present Chapter 7 cases would be a duplication of the relief available upon recognition under Chapter 15, the joint liquidator is likely to move for dismissal under § 305(d). Ultimately, maintaining the Related Debtors' cases under a single chapter will promote an efficient administration of the Related Debtors' assets in the United States and better serve the interests of the creditors and the Related Debtors internationally.

23.     The BVI Liquidation qualifies for recognition because it is a "collective judicial . . . proceeding in a foreign country . . . under a law relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 101(23); *see also In re*

*British American Isle of Venice (BVI), Ltd.*, 441 B.R. 713, 723 (Bankr. S.D. Fla. 2010) (recognizing a BVI Liquidation as a collective proceeding).

24.     The BVI Liquidation is collective in nature, as the phrase is used in 11 U.S.C. § 101(23) because the BVI Insolvency Act, 2003 provides an orderly procedure for liquidation under which all creditors are treated equally. *See* 11 U.S.C. § 1501(a)(3) (stating the objective of "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor"); *see also In re ABC Learning Centers Ltd.*, 445 B.R. 318, 328 (Bankr. D. Del. 2010) (stating that the collective proceeding requirement reflects U.S. policy to provide an orderly liquidation procedure under which all creditors are treated equally" (quotation and citation omitted)).

25.     The BVI Liquidation qualifies as a "foreign main proceeding" because it is a "foreign proceeding pending in the country where the [Related Debtors have] the center of [their] main interests. 11 U.S.C. § 1502(4).

26.     The Related Debtors' respective centers of main interests ("**COMI**") are in the British Virgin Islands because: the Related Debtors are incorporated under BVI law; they have consistently maintained registered offices within the BVI since their inception; and the BVI is the only location that a third party would readily ascertain the Related Debtors' conducted business. *See* 11 U.S.C. § 1516(c) (Absent "evidence to the contrary, the debtor's registered office . . . is presumed to be the center of the debtor's main interests."); *see also Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 130 (2d Cir. 2013) (stating that the debtor's COMI lies where a debtor conducts its regular business so it is "readily ascertainable by third parties"); *In re Ascot Fund Ltd.*, 603 B.R. 271, 283 (Bankr. S.D.N.Y. 2019) (finding the debtor's COMI to be where it maintained its registered address in the Cayman Islands, despite objections based on the

entirety of the debtor's liquid assets being in the United States); *In re SPhinX, Ltd.*, 351 B.R. 103, 119 (Bankr. S.D.N.Y. 2006) (refusing to grant recognition on other grounds but stating that it would otherwise recognize the Cayman Islands proceeding as the foreign main proceeding despite minimal business activities, no employees, and no offices in the Cayman Islands).

27.     Accordingly, because conversion to a case under Chapter 15 will promote an efficient cross-border recovery and distribution of the Related Debtor's assets through one channel; conversion will not prejudice creditors or any other parties in interest; and the requirements to recognize a foreign proceeding are met upon commencement of the BVI Liquidation, the Petitioning Creditors respectfully request that this Court convert this case to one under Chapter 15.

## CONCLUSION

WHEREFORE, the Petitioning Creditors respectfully request this Court conduct a preliminary hearing on or before September 24, 2019 where the Petitioning Creditors and the joint liquidator may seek recognition of the BVI Liquidation as a foreign main proceeding and, if no valid objections exist and this Court deems appropriate, enter an order converting this case to one under Chapter 15 of the Bankruptcy Code.

## <u>CERTIFICATION OF NEED FOR EXPEDITED HEARING</u>

Pursuant to Local Bankruptcy Rule 9013-1, I hereby certify that there is a need for an expedited hearing on this matter. I have carefully examined the matter and conclude that there is a true need for an urgent hearing on the Motion to Convert. The deadline for the Related Debtors' response to the involuntary petitions is September 24, 2019. If there is no response to the Related Debtors' involuntary petitions, this Court may enter an order for relief and appoint a trustee. The Petitioning Creditors' do not wish for there to be a Chapter 7 estate and trustee in addition to a foreign estate created under Chapter 15. Therefore, the Petitioning Creditors request that this Court conduct a preliminary hearing on or before September 24, 2019 to avoid unnecessary duplicative relief.

Dated: <u>September 13, 2019</u>          Respectfully submitted,

**SHUMAKER, LOOP & KENDRICK, LLP**

By:  /s/ *Steven M. Berman*_____
　　　Steven M. Berman, Esq.
　　　U.S.D.C. P.R. Bar No. 305704
　　　sberman@shumaker.com
　　　101 E. Kennedy Blvd., Suite 2800
　　　Tampa, Florida 33602
　　　Phone (813) 229-7600
　　　Facsimile (813) 229-1660
　　　*Attorney for Petitioning Creditors*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 13, 2019 a true and correct copy of the foregoing has been furnished via this Court's CM/ECF system to all counsel of record and to all parties receiving notice via CM/ECF and by regular, first-class, postage pre-paid U.S. Mail to the following parties:

United States Trustee
500 Tanca Street, Suite 301
San Juan, Puerto Rico 00901

New Century Properties Limited
c/o Commence Overseas Limited
Commence Chambers
Road Town, Tortola
British Virgin Islands

and

New Century Properties Limited
c/o Commence Overseas Limited
Commence Chambers
P.O. Box 2208
British Virgin Islands

World-Wide Investment Services Limited
c/o Commence Overseas Limited
Commence Chambers
Road Town, Tortola
British Virgin Islands

Heng Cheong Pacific Limited
c/o Commence Overseas Limited
Commence Chambers
Road Town, Tortola
British Virgin Islands

and

and

World-Wide Investment Services Limited
c/o Commence Overseas Limited
Commence Chambers
P.O. Box 2208
British Virgin Islands

Heng Cheong Pacific Limited
c/o Commence Overseas Limited
Woodbourne Hall
P.O. Box 3162, Road Town
British Virgin Islands

/s/ Steven M. Berman
Steven M. Berman, Esq.
U.S.D.C. P.R. Bar No. 305704
*Attorney for Petitioning Creditors*

# Composite Exhibit A

Qwomar Building
P.O. Box 4649, Road Town
Tortola VG1110
British Virgin Islands
T: +1 284 494 1890
F: +1 284 494 1316

info@forbeshare.com
www.forbeshare.com



**FORBES HARE**

**By Hand**

British Virgin Islands Financial Services Commission
Registry of Corporate Affairs
Pasea Estate
Road Town
Tortola VG1110
British Virgin Islands

Attention: BVI Registrar of Corporate Affairs

10 August 2017

ACKNOWLEDGMENT OF RECEIPT

Date: 11/08/2017  Time: 11:07am

Name: Naton Mabre

Signature: N Mab

Dear Sirs

**World-Wide Investment Services Limited: Company No. 263422 (the "Company")**

**NOTICE OF APPOINTMENT OF A RECEIVER PURSUANT TO SECTION 118 OF THE INSOLVENCY ACT, 2003**

Pursuant to section 118 of the Insolvency Act, 2003, we hereby give notice of the appointment of Wesley Edwards of First Floor, Folio Building, P.O. Box 2295, Road Town, Tortola VG1110, British Virgin Islands as receiver (the "**Receiver**") in respect of the Charged Property of the Company (as described below).

The appointment was made pursuant to a First Supplemental and Amendment Security and Charge Agreement (the "**Security Agreement**") dated 31 December 2007 (a copy of which is enclosed), which supplemented and amended the original agreement dated 31 December 2002 entered into by the Company in favour of Ridgetop Adventures Inc. and John Wadsworth. By the Security Agreement, which the Collateral and the Supplementary Collateral (as defined in the Security Agreement) (the "**Charged Property**") were charged in favour of Ridgetop Adventures Inc. and John Wadsworth as security for payment and discharge of the obligations of the Company (the "**Original Chargor**") and New Century Properties Limited, Heng Cheong Pacific Limited and Liu Hsiu Chen (each a "**Supplemental Chargor**").

The Charged Property includes the assets of the Company specified in clause 3 of the Security Agreement. Those assets include *inter alia* all rights of the Company to the payment of money, all personal property of the Company, all general intangibles owned by the Company, all proceeds from the sale of the Company's assets and all shares owned by the Company.

Pursuant to a series of Assignment Agreements (copies of which are enclosed), all rights under the Security Agreement were assigned to PR Capital LLC (the "**Charge Holder**") on 27 July 2017.

The power to appoint a receiver out of court is conferred by clause 6 of the Security Agreement. The events of default which enlivened the power of appointment are specified in the Demand Letter dated 27 July 2017 (a copy of which is enclosed). They include *inter alia* the Company's failure to make certain specified payments to the Charge Holder and its predecessors by the due dates.

Consequent upon those events of default, the Charge Holder appointed the Receiver by Deed of Appointment dated 3 August 2017 (a copy of which is enclosed). The Receiver was notified of the appointment in writing and accepted the appointment in writing on 4 August 2017.

Please place a notice of receivership on the file of the Company.

Yours faithfully

**Forbes Hare**
Contact: Richard Baird
Tel: +1 284 852 1925
Email: richard.baird@forbeshare.com

*Enc:*

1.  *Security Agreement*

2.  *Assignment Agreements*

3.  *Demand Letter*

4.  *Appointment Deed*

Qwomar Building
P.O. Box 4649, Road Town
Tortola VG1110
British Virgin Islands
T: +1 284 494 1890
F: +1 284 494 1316

info@forbeshare.com
www.forbeshare.com

**FORBES HARE**

**By Hand**

British Virgin Islands Financial Services Commission
Registry of Corporate Affairs
Pasea Estate
Road Town
Tortola VG1110
British Virgin Islands

Attention: BVI Registrar of Corporate Affairs

10 August 2017

ACKNOWLEDGMENT OF RECEIPT
Date: 11/08/2017 Time: 11:07am
Name: Norton Malone
Signature: N. Hob

Dear Sirs

**New Centuries Properties Limited: Company No. 41156 (the "Company")**

**NOTICE OF APPOINTMENT OF A RECEIVER PURSUANT TO SECTION 118 OF THE INSOLVENCY ACT, 2003**

Pursuant to section 118 of the Insolvency Act, 2003, we hereby give notice of the appointment of Wesley Edwards of First Floor, Folio Building, P.O. Box 2295, Road Town, Tortola VG1110, British Virgin Islands as receiver (the "**Receiver**") in respect of the Charged Property of the Company (as described below).

The appointment was made pursuant to a First Supplemental and Amendment Security and Charge Agreement (the "**Security Agreement**") dated 31 December 2007 (a copy of which is enclosed), which supplemented and amended the original agreement dated 31 December 2002 entered into by World-Wide Investment Services Limited in favour of Ridgetop Adventures Inc. and John Wadsworth. By the Security Agreement, which the Collateral and the Supplementary Collateral (as defined in the Security Agreement) (the "**Charged Property**") were charged in favour of Ridgetop Adventures Inc. and John Wadsworth as security for payment and discharge of the obligations of World-Wide Investment Services Limited (the "**Original Chargor**") and the Company, Heng Cheong Pacific Limited and Liu Hsiu Chen (each a "**Supplemental Chargor**").

The Charged Property includes the assets of the Company specified in clause 3 of the Security Agreement. Those assets include *inter alia* all rights of the Company to the payment of money, all personal property of the Company, all general intangibles owned by the Company, all proceeds from the sale of the Company's assets and all shares owned by the Company.

Pursuant to a series of Assignment Agreements (copies of which are enclosed), all rights under the Security Agreement were assigned to PR Capital LLC (the "**Charge Holder**") on 27 July 2017.

The power to appoint a receiver out of court is conferred by clause 6 of the Security Agreement. The events of default which enlivened the power of appointment are specified in the Demand Letter dated 27 July 2017 (a copy of which is enclosed). They include *inter alia* the Company's failure to make certain specified payments to the Charge Holder and its predecessors by the due dates.

Consequent upon those events of default, the Charge Holder appointed the Receiver by Deed of Appointment dated 3 August 2017 (a copy of which is enclosed). The Receiver was notified of the appointment in writing and accepted the appointment in writing on 4 August 2017.

Please place a notice of receivership on the file of the Company.

Yours faithfully

**Forbes Hare**
Contact: Richard Baird
Tel: +1 284 852 1925
Email: richard.baird@forbeshare.com

*Enc:*

1. *Security Agreement*

2. *Assignment Agreements*

3. *Demand Letter*

4. *Appointment Deed*

Qwomar Building
P.O. Box 4649, Road Town
Tortola VG1110
British Virgin Islands
T: +1 284 494 1890
F: +1 284 494 1316

info@forbeshare.com
www.forbeshare.com

**FORBES HARE**

**By Hand**

British Virgin Islands Financial Services Commission
Registry of Corporate Affairs
Pasea Estate
Road Town
Tortola VG1110
British Virgin Islands

Attention: BVI Registrar of Corporate Affairs

10 August 2017

ACKNOWLEDGMENT OF RECEIPT

Date: _____ Time: 11:02am   11/08/2017

Name: Natori Malone

Signature: _____

Dear Sirs

**Heng Cheong Pacific Limited: Company No. 593379 (the "Company")**

**NOTICE OF APPOINTMENT OF A RECEIVER PURSUANT TO SECTION 118 OF THE INSOLVENCY ACT, 2003**

Pursuant to section 118 of the Insolvency Act, 2003, we hereby give notice of the appointment of Wesley Edwards of First Floor, Folio Building, P.O. Box 2295, Road Town, Tortola VG1110, British Virgin Islands as receiver (the "**Receiver**") in respect of the Charged Property of the Company (as described below).

The appointment was made pursuant to a First Supplemental and Amendment Security and Charge Agreement (the "**Security Agreement**") dated 31 December 2007 (a copy of which is enclosed), which supplemented and amended the original agreement dated 31 December 2002 entered into by World-Wide Investment Services Limited in favour of Ridgetop Adventures Inc. and John Wadsworth. By the Security Agreement, which the Collateral and the Supplementary Collateral (as defined in the Security Agreement) (the "**Charged Property**") were charged in favour of Ridgetop Adventures Inc. and John Wadsworth as security for payment and discharge of the obligations of World-Wide Investment Services Limited (the "**Original Chargor**") and New Century Properties Limited, the Company and Liu Hsiu Chen (each a "**Supplemental Chargor**").

The Charged Property includes the assets of the Company specified in clause 3 of the Security Agreement. Those assets include *inter alia* all rights of the Company to the payment of money, all personal property of the Company, all general intangibles owned by the Company, all proceeds from the sale of the Company's assets and all shares owned by the Company.

Pursuant to a series of Assignment Agreements (copies of which are enclosed), all rights under the Security Agreement were assigned to PR Capital LLC (the "**Charge Holder**") on 27 July 2017.

The power to appoint a receiver out of court is conferred by clause 6 of the Security Agreement. The events of default which enlivened the power of appointment are specified in the Demand Letter dated 27 July 2017 (a copy of which is enclosed). They include *inter alia* the Company's failure to make certain specified payments to the Charge Holder and its predecessors by the due dates.

Consequent upon those events of default, the Charge Holder appointed the Receiver by Deed of Appointment dated 3 August 2017 (a copy of which is enclosed). The Receiver was notified of the appointment in writing and accepted the appointment in writing on 4 August 2017.

Please place a notice of receivership on the file of the Company.

Yours faithfully

**Forbes Hare**
Contact: Richard Baird
Tel: +1 284 852 1925
Email: richard.baird@forbeshare.com

*Enc:*

1.  *Security Agreement*

2.  *Assignment Agreements*

3.  *Demand Letter*

4.  *Appointment Deed*

Qwomar Building
P.O. Box 4649, Road Town
Tortola VG1110
British Virgin Islands
T: +1 284 494 1890
F: +1 284 494 1316

info@forbeshare.com
www.forbeshare.com



**FORBES HARE**

**By Hand**

World-Wide Investment Services Limited
C/- Commence Overseas Limited
Commence Chambers
P.O. Box 2208
Road Town
Tortola VG1110
British Virgin Islands

10 August 2017

*[Stamp:]*
World-Wide Investment Services
Served On: C/o Commence Overseas
Served By: Dwight Hutchinson
Date Served: 11-August-2017
Time Served: 9:40 am
Received By: Lauren George

Dear Sirs

**World-Wide Investment Services Limited: Company No. 263422 (the "Company")**

**NOTICE OF APPOINTMENT OF A RECEIVER PURSUANT TO SECTION 118 OF THE INSOLVENCY ACT, 2003**

Pursuant to section 118 of the Insolvency Act, 2003, we hereby give notice of the appointment of Wesley Edwards of First Floor, Folio Building, P.O. Box 2295, Road Town, Tortola VG1110, British Virgin Islands as receiver (the "**Receiver**") in respect of the Charged Property of the Company (as described below).

The appointment was made pursuant to a First Supplemental and Amendment Security and Charge Agreement (the "**Security Agreement**") dated 31 December 2007 (a copy of which is enclosed), which supplemented and amended the original agreement dated 31 December 2002 entered into by the Company in favour of Ridgetop Adventures Inc. and John Wadsworth. By the Security Agreement, which the Collateral and the Supplementary Collateral (as defined in the Security Agreement) (the "**Charged Property**") were charged in favour of Ridgetop Adventures Inc. and John Wadsworth as security for payment and discharge of the obligations of the Company (the "**Original Chargor**") and New Century Properties Limited, Heng Cheong Pacific Limited and Liu Hsiu Chen (each a "**Supplemental Chargor**").

The Charged Property includes the assets of the Company specified in clause 3 of the Security Agreement. Those assets include *inter alia* all rights of the Company to the payment of money, all personal property of the Company, all general intangibles owned by the Company, all proceeds from the sale of the Company's assets and all shares owned by the Company.

Pursuant to a series of Assignment Agreements (copies of which are enclosed), all rights under the Security Agreement were assigned to PR Capital LLC (the "**Charge Holder**") on 27 July 2017.

The power to appoint a receiver out of court is conferred by clause 6 of the Security Agreement. The events of default which enlivened the power of appointment are specified in the Demand Letter dated 27 July 2017 (a copy of which is enclosed). They include *inter alia* the Company's failure to make certain specified payments to the Charge Holder and its predecessors by the due dates.

Consequent upon those events of default, the Charge Holder appointed the Receiver by Deed of Appointment dated 3 August 2017 (a copy of which is enclosed). The Receiver was notified of the appointment in writing and accepted the appointment in writing on 4 August 2017.

Yours faithfully

**Forbes Hare**
Contact: Richard Baird
Tel: +1 284 852 1925
Email: richard.baird@forbeshare.com

*Enc:*

1. *Security Agreement*

2. *Assignment Agreements*

3. *Demand Letter*

4. *Appointment Deed*

Qwomar Building
P.O. Box 4649, Road Town
Tortola VG1110
British Virgin Islands
T: *1 284 494 1890
F: *1 284 494 1316

info@forbeshare.com
www.forbeshare.com



**FORBES HARE**

**By Hand**

New Century Properties Limited
C/- Commence Overseas Limited
Commence Chambers
P.O. Box 2208
Road Town
Tortola VG1110
British Virgin Islands

10 August 2017



Dear Sirs

**New Centuries Properties Limited: Company No. 41156 (the "Company")**

**NOTICE OF APPOINTMENT OF A RECEIVER PURSUANT TO SECTION 118 OF THE INSOLVENCY ACT, 2003**

Pursuant to section 118 of the Insolvency Act, 2003, we hereby give notice of the appointment of Wesley Edwards of First Floor, Folio Building, P.O. Box 2295, Road Town, Tortola VG1110, British Virgin Islands as receiver (the "**Receiver**") in respect of the Charged Property of the Company (as described below).

The appointment was made pursuant to a First Supplemental and Amendment Security and Charge Agreement (the "**Security Agreement**") dated 31 December 2007 (a copy of which is enclosed), which supplemented and amended the original agreement dated 31 December 2002 entered into by World-Wide Investment Services Limited in favour of Ridgetop Adventures Inc. and John Wadsworth. By the Security Agreement, which the Collateral and the Supplementary Collateral (as defined in the Security Agreement) (the "**Charged Property**") were charged in favour of Ridgetop Adventures Inc. and John Wadsworth as security for payment and discharge of the obligations of World-Wide Investment Services Limited (the "**Original Chargor**") and the Company, Heng Cheong Pacific Limited and Liu Hsiu Chen (each a "**Supplemental Chargor**").

The Charged Property includes the assets of the Company specified in clause 3 of the Security Agreement. Those assets include *inter alia* all rights of the Company to the payment of money, all personal property of the Company, all general intangibles owned by the Company, all proceeds from the sale of the Company's assets and all shares owned by the Company.

Pursuant to a series of Assignment Agreements (copies of which are enclosed), all rights under the Security Agreement were assigned to PR Capital LLC (the "**Charge Holder**") on 27 July 2017.

The power to appoint a receiver out of court is conferred by clause 6 of the Security Agreement. The events of default which enlivened the power of appointment are specified in the Demand Letter dated 27 July 2017 (a copy of which is enclosed). They include *inter alia* the Company's failure to make certain specified payments to the Charge Holder and its predecessors by the due dates.

Consequent upon those events of default, the Charge Holder appointed the Receiver by Deed of Appointment dated 3 August 2017 (a copy of which is enclosed). The Receiver was notified of the appointment in writing and accepted the appointment in writing on 4 August 2017.

Yours faithfully

**Forbes Hare**
Contact: Richard Baird
Tel: +1 284 852 1925
Email: richard.baird@forbeshare.com

*Enc:*

1.  *Security Agreement*

2.  *Assignment Agreements*

3.  *Demand Letter*

4.  *Appointment Deed*

Qwomar Building
P.O. Box 4649, Road Town
Tortola VG1110
British Virgin Islands
T: +1 284 494 1890
F: +1 284 494 1316

info@forbeshare.com
www.forbeshare.com



**By Hand**

Heng Cheong Pacific Limited
C/- Commence Overseas Limited
Commence Chambers
P.O. Box 2208
Road Town
Tortola VG1110
British Virgin Islands

10 August 2017



**FORBES HARE**

Dear Sirs

**Heng Cheong Pacific Limited: Company No. 593379 (the "Company")**

**NOTICE OF APPOINTMENT OF A RECEIVER PURSUANT TO SECTION 118 OF THE INSOLVENCY ACT, 2003**

Pursuant to section 118 of the Insolvency Act, 2003, we hereby give notice of the appointment of Wesley Edwards of First Floor, Folio Building, P.O. Box 2295, Road Town, Tortola VG1110, British Virgin Islands as receiver (the "**Receiver**") in respect of the Charged Property of the Company (as described below).

The appointment was made pursuant to a First Supplemental and Amendment Security and Charge Agreement (the "**Security Agreement**") dated 31 December 2007 (a copy of which is enclosed), which supplemented and amended the original agreement dated 31 December 2002 entered into by World-Wide Investment Services Limited in favour of Ridgetop Adventures Inc. and John Wadsworth. By the Security Agreement, which the Collateral and the Supplementary Collateral (as defined in the Security Agreement) (the "**Charged Property**") were charged in favour of Ridgetop Adventures Inc. and John Wadsworth as security for payment and discharge of the obligations of World-Wide Investment Services Limited (the "**Original Chargor**") and New Century Properties Limited, the Company and Liu Hsiu Chen (each a "**Supplemental Chargor**").

The Charged Property includes the assets of the Company specified in clause 3 of the Security Agreement. Those assets include *inter alia* all rights of the Company to the payment of money, all personal property of the Company, all general intangibles owned by the Company, all proceeds from the sale of the Company's assets and all shares owned by the Company.

Pursuant to a series of Assignment Agreements (copies of which are enclosed), all rights under the Security Agreement were assigned to PR Capital LLC (the "**Charge Holder**") on 27 July 2017.

The power to appoint a receiver out of court is conferred by clause 6 of the Security Agreement. The events of default which enlivened the power of appointment are specified in the Demand Letter dated 27 July 2017 (a copy of which is enclosed). They include *inter alia* the Company's failure to make certain specified payments to the Charge Holder and its predecessors by the due dates.

Consequent upon those events of default, the Charge Holder appointed the Receiver by Deed of Appointment dated 3 August 2017 (a copy of which is enclosed). The Receiver was notified of the appointment in writing and accepted the appointment in writing on 4 August 2017.

Yours faithfully

**Forbes Hare**
Contact: Richard Baird
Tel: +1 284 852 1925
Email: richard.baird@forbeshare.com

*Enc:*

1.  *Security Agreement*

2.  *Assignment Agreements*

3.  *Demand Letter*

4.  *Appointment Deed*

**CVR**

CR / WAE

British Virgin Islands Financial Services Commission
Registry of Corporate Affairs
Pasea Estate
Road Town, Tortola
British Virgin Islands

AUG 23 2017

Attention:  BVI Registrar of Corporate Affairs

23 August 2017

Dear Sir(s)

**Heng Cheong Pacific Limited (In Receivership) - Company number 593379 (the "Company")**

**NOTICE OF COMPLETION OF RECEIVERSHIP PURSUANT TO SECTION 138 OF THE INSOLVENCY ACT, 2003 (the "Act")**

I write further to my appointment as receiver of the Charged Assets of the Company on 3 August 2017.

Please be advised I hereby confirm that the receivership of the Charged Assets of the Company has been completed as of today; and I enclose a summary of my receipts and payments for the period in accordance with Section 136(3)(b)(i) of the Act.

If you have any queries please do not hesitate to either call me on +1 284 541 1405, or send them to me at wedwards@cvr.global.

Yours faithfully

Wesley A. Edwards
*CVR Global (B.V.I.) Limited*

*Enc.  Summary of receipts and payments*

1st Floor, The Folio Building
PO Box 2295, Road Town
Tortola
British Virgin Islands
VG1110
1 284 852 5800

CVR Global (B.V.I.) Limited is a limited company registered in the Territory of the British Virgin Islands (No. 1875694). Registered office: Jayla Place, 2nd Floor, PO Box 216 Road Town, Tortola, British Virgin Islands VG1110

cvr.global

**Heng Cheong Pacific Limited (In Receivership) (the "Company")**

**Summary of the Receiver's receipts and payments for the period 3 August 2017 (date of appointment) to 23 August 2017**

|  | US $ |
|---|---|
| Receipts | 0 |
|  | 0 |
| Payments | 0 |
|  | 0 |
| Cash in hand | 0 |

**cvr.global**

# CVR

CR / WAE

British Virgin Islands Financial Services Commission
Registry of Corporate Affairs
Pasea Estate
Road Town, Tortola
British Virgin Islands

Attention:  BVI Registrar of Corporate Affairs

23 August 2017

Dear Sir(s)

**World-Wide Investment Services Limited (In Receivership) - Company number 263422 (the "Company")**

**NOTICE OF COMPLETION OF RECEIVERSHIP PURSUANT TO SECTION 138 OF THE INSOLVENCY ACT, 2003 (the "Act")**

I write further to my appointment as receiver of the Charged Assets of the Company on 3 August 2017.

Please be advised I hereby confirm that the receivership of the Charged Assets of the Company has been completed as of today; and I enclose a summary of my receipts and payments for the period in accordance with Section 136(3)(b)(i) of the Act.

If you have any queries please do not hesitate to either call me on +1 284 541 1405, or send them to me at wedwards@cvr.global.

Yours faithfully

Wesley A. Edwards
*CVR Global (B.V.I.) Limited*

*Enc.  Summary of receipts and payments*

1st Floor, The Folio Building
PO Box 2295, Road Town
Tortola
British Virgin Islands
VG1110
1 284 852 5800

CVR Global (B.V.I.) Limited is a limited company registered in the Territory of the British Virgin Islands (No. 1875694). Registered office: Jayla Place, 2nd Floor, PO Box 216 Road Town, Tortola, British Virgin Islands VG1110

**cvr.global**

## World-Wide Investment Services Limited (In Receivership) (the "Company")

**Summary of the Receiver's receipts and payments for the period 3 August 2017 (date of appointment) to 23 August 2017**

|  | US $ |
|---|---|
| Receipts | 0 |
|  | 0 |
| Payments | 0 |
|  | 0 |
| Cash in hand | 0 |

cvr.global

# CVR

CR / WAE

British Virgin Islands Financial Services Commission
Registry of Corporate Affairs
Pasea Estate
Road Town, Tortola
British Virgin Islands

Attention:  BVI Registrar of Corporate Affairs

23 August 2017

Dear Sir(s)

**New Century Properties Limited (In Receivership) - Company number 41156 (the "Company")**

**NOTICE OF COMPLETION OF RECEIVERSHIP PURSUANT TO SECTION 138 OF THE INSOLVENCY ACT, 2003 (the "Act")**

I write further to my appointment as receiver of the Charged Assets of the Company on 3 August 2017.

Please be advised I hereby confirm that the receivership of the Charged Assets of the Company has been completed as of today; and I enclose a summary of my receipts and payments for the period in accordance with Section 136(3)(b)(i) of the Act.

If you have any queries please do not hesitate to either call me on +1 284 541 1405, or send them to me at wedwards@cvr.global.

Yours faithfully

Wesley A. Edwards
*CVR Global (B.V.I.) Limited*

*Enc.  Summary of receipts and payments*

---

1st Floor, The Folio Building
PO Box 2295, Road Town
Tortola
British Virgin Islands
VG1110
1 284 852 5800

CVR Global (B.V.I.) Limited is a limited company registered in the Territory of the British Virgin Islands (No. 1875694). Registered office: Jayla Place, 2nd Floor, PO Box 216 Road Town, Tortola, British Virgin Islands VG1110

**cvr.global**

**New Century Properties Limited (In Receivership) (the "Company")**

**Summary of the Receiver's receipts and payments for the period 3 August 2017 (date of appointment)
to 23 August 2017**

|                | US $ |
|----------------|------|
| Receipts       | 0    |
|                | 0    |
| Payments       | 0    |
|                | 0    |
| Cash in hand   | 0    |

**cvr.global**

# Composite Exhibit B

The Insolvency Act 2003
The Insolvency Rules 2005

**FILED**
**HIGH COURT**
TERRITORY OF
THE VIRGIN ISLANDS

Form R14A

Originating Application
(Company)

**Submitted Date:06/09/2019 15:44**

Rule 14

**Filed Date:06/09/2019 15:44**

**Fees Paid:811.84**

In the Eastern Caribbean Supreme Court
In the High Court of Justice
Virgin Islands
Commercial Division

| | |
|---|---|
| Matter No.: | BVIHC (COM) 2019/ |
| Applicant: | Masayuki Yamakawa |
| Respondents: | (1) World-Wide Investment Services Limited<br>(2) New Century Properties Limited<br>(3) Heng Cheong Pacific Limited |

In the matter of:

*(a) Enter the full name of the company:*

(a) (1) World-Wide Investment Services Limited
    (2) New Century Properties Limited
    (3) Heng Cheong Pacific Limited

*(b) Insert name and address of the person application is directed to:*

*For Court Use Only*

To: (b) World-Wide Investment Services Limited, New Century Properties Limited and Heng Cheong Pacific Limited, each of C/- Commence Overseas Limited, Commence Chambers, Road Town, Tortola, British Virgin Islands

**This application will be heard by the Judge at the High Court, 2nd Floor, SAKAL Building, Wickham's Cay, Road Town, Tortola, British Virgin Islands**

**on the          day of          2019 at          a.m./p.m.**

**with a hearing time estimate of 30 minutes.**

**If you do not attend at the time shown the Court may make an order in your absence.**

*(c)Enter full name of applicant or name of applicant's solicitor*

*(d) Insert details of order*

We: (c) Forbes Hare, legal practitioners for Masayuki Yamakawa,

(d) intend to apply for an order under section 159 of the Insolvency Act 2003 that joint liquidators be appointed to World-Wide Investment Services Limited, New Century Properties Limited and Heng Cheong Pacific Limited.

A draft of the order sought is attached.

*(e) Delete as applicable*

(e) The grounds upon which Masayuki Yamakawa (the "**Applicant**") seeks the order are set out in an affidavit attached. In summary, they are that:

1.  World-Wide Investment Services Limited, New Century Properties Limited and Heng Cheong Pacific Limited (the "**Respondents**") are each insolvent, within the meaning of s.162(1)(a) of the Insolvency Act, 2003 (the "**Act**"), on each of the following bases:

    (a)   The value of each Respondent's liabilities exceeds its assets, within the meaning of s.8(1)(c)(i) of the Act. The Respondents' liabilities include, without limitation, debts of at least:

        (i)     US$32,794.482.01 owing to the Applicant;

        (ii)    US$1,339,734.58 owing to Synapse Investment Ltd.;

        (iii)   US$850,330.65 owing to Bioreplace Corporation;

        (iv)    US$287,371.97 owing to Megumi Matsuzawa;

        (v)     US$18,164,674.18 owing to PR Capital LLC; and

        (vi)    US$111,057,534.20 owing to the RBT Victim Recovery Trust;

        The Respondents' only known assets are their ownership or other equitable rights in certain real property in Oregon and Utah, consequent upon investment funds received by the Respondents having being used to purchase and improve those properties. The value of those assets is far exceeded by each of the Respondents' liabilities.

    (b)   The Respondents are each unable to pay their debts as they fall due, within the meaning of s.8(1)(c)(i) of the Act. The Respondents have failed to pay any part of the debts mentioned above, either as they fell due or at all, over a period of many years.

*(f) Enter full names and addresses as applicable*

(f) The names and addresses of the persons on whom it is intended to serve the application are World-Wide Investment Services Limited, New Century Properties Limited and Heng Cheong Pacific Limited, each of C/- Commence Overseas Limited, Commence Chambers, Road Town, Tortola, British Virgin Islands.

*(g) Enter full names and addresses as applicable*

(g) The names and addresses of the persons required to be given notice of this application pursuant to the Act and the Rules (if any) are World-Wide Investment Services Limited, New Century Properties Limited and Heng Cheong Pacific Limited, each of C/- Commence Overseas Limited, Commence Chambers, Road Town, Tortola, British Virgin Islands.

*(h) Enter full name*
*(i)Delete as applicable*
*(j) Enter address for service*

This application is filed by (h) Forbes Hare, legal practitioners for (i) Masayuki Yamakawa, whose address for service is (j) Qwomar Building, Road Town, Tortola, British Virgin Islands.

Signed:  _[signature]_          Dated: 6 August 2019

*Please print name: Richard Baird*

2

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS**
**COMMERCIAL DIVISION**

**CLAIM NO. BVIHC (COM) 2019/**

**IN THE MATTER OF THE INSOLVENCY ACT, 2003**
**AND IN THE MATTER OF WORLD-WIDE INVESTMENT SERVICES LIMITED**
**AND IN THE MATTER OF NEW CENTURY PROPERTIES LIMITED**
**AND IN THE MATTER OF HENG CHEONG PACIFIC LIMITED**

**BETWEEN:**

**MASAYUKI YAMAKAWA**

**Applicant**

**-and-**

**(1) WORLD-WIDE INVESTMENT SERVICES LIMITED**
**(2) NEW CENTURY PROPERTIES LIMITED**
**(3) HENG CHEONG PACIFIC LIMITED**

**Respondents**

_____

**ORIGINATING APPLICATION**

_____



**FORBES HARE**

**Qwomar Building**
**P.O. Box 4649**
**Road Town, Tortola VG1110**
**British Virgin Islands**
**Tel: +1 284 494 1890**

**Legal Practitioners for the Applicant**
**Contact: Richard Baird**

3

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS**
**COMMERCIAL DIVISION**

**CLAIM NO. BVIHC (COM) 2019/**

**IN THE MATTER OF THE INSOLVENCY ACT, 2003**
**AND IN THE MATTER OF WORLD-WIDE INVESTMENT SERVICES LIMITED**
**AND IN THE MATTER OF NEW CENTURY PROPERTIES LIMITED**
**AND IN THE MATTER OF HENG CHEONG PACIFIC LIMITED**

**BETWEEN:**

**MASAYUKI YAMAKAWA**

**Applicant**

**-and-**

**(1) WORLD-WIDE INVESTMENT SERVICES LIMITED**
**(2) NEW CENTURY PROPERTIES LIMITED**
**(3) HENG CHEONG PACIFIC LIMITED**

**Respondents**

_____

**DRAFT ORDER**

_____

**Before:**

**Dated:**

**Entered:**

**UPON** an application for the appointment of joint liquidators to the Respondents pursuant to s.159 of the Insolvency Act, 2003 (the "**Act**");

**AND UPON** reading the Originating Application filed [ ] September 2019, the Affidavit of Masayuki Yamakawa sworn [ ] September 2019 and Exhibit MY-1 thereto, the Service Affidavit of [ ] sworn [ ] September 2019 and Exhibit [ ] thereto and the Affidavit of [ ] sworn [ ] September 2019 and Exhibit [ ] thereto;

**AND UPON** the Court being satisfied that the application was properly served on each of the Respondents at their registered office address in the British Virgin Islands on [ ] September 2019;

1

**AND UPON** the application having been advertised in the BVI Beacon on [ ] September 2019 and advertisements having appeared in the Virgin Islands Gazette on [ ] September 2019;

**AND UPON** hearing [ ] on behalf of the Applicant;

**IT IS HEREBY ORDERED THAT:**

1. The Respondents be put into liquidation under the provisions of the Act.

2. [ ] and [ ] be appointed as joint liquidators to each of the Respondents (the "**Liquidators**").

3. The Liquidators shall not be required to give security for their appointment.

4. The Liquidators be given the following powers set out at Schedule 2 of the Act, exercisable with the sanction of the Court:

   a. Power to pay any class of creditors in full;

   b. Power to make a compromise or arrangement with creditors or persons claiming to be creditors, or having alleged or alleging that they have any claim against any of the Respondents, whether present or future, certain or contingent, ascertained or not;

   c. Power to compromise, on such terms as may be agreed:

      i. calls and liabilities to calls, debts and liabilities capable of resulting in debts, and claims, whether present or future, certain or contingent, ascertained or not, subsisting or supposed to subsist between any of the Respondents and any person; and

      ii. questions in any way relating to or affecting the assets or the liquidations of any of the Respondents;

   d. Power to commence, continue, discontinue or defend any action or other legal proceedings in the names and on behalf of any of the Respondents; and

   e. Power to carry on the businesses of any of the Respondents as may be necessary for their beneficial liquidation.

2

5. The Liquidators be given the following powers set out at Schedule 2 of the Act, exercisable without the sanction of the Court:

   a. Power to sell or otherwise dispose of property of any of the Respondents;

   b. Power to do all acts and execute, in the name and on behalf of any of the Respondents, any deeds, receipts or other documents;

   c. Power to use any of the Respondents' seals;

   d. Power to prove, rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balances against any of the Respondents' estates and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of that balance as a separate debt due from the bankrupt or insolvent, and rateably with the other separate creditors;

   e. Power to draw, accept, make and endorse any bill of exchange or promissory note in the name and on behalf of any of the Respondents with the same effect with respect to any of the Respondents' liability as if the bill or note had been drawn, accepted, made or indorsed by or on behalf of any of the Respondents in the course of their businesses;

   f. Power to borrow money, whether on the security of the assets of any of the Respondents or otherwise;

   g. Power to take out in their official names letters of administration to any deceased member or past member or debtor and to do any other act necessary for obtaining payment of any money due from a member or past member or debtor, or his estate, that cannot conveniently be done in the name of any of the Respondents;

   h. Power to call meetings of creditors or members for:

      i. the purpose of informing creditors or members concerning the progress of or matters arising in the liquidation;

      ii. the purpose of ascertaining the views of creditors or members on any matter arising in the liquidation; and

3

      iii.   such other purpose connected with the liquidation as the Liquidators consider fit;

   i.   Power to appoint a solicitor, accountant or other professionally qualified person to assist them in the performance of their duties;

   j.   Power to appoint an agent to do any business that the Liquidators are unable to do themselves, or which can be more conveniently done by an agent; and

   k.   Power to take possession, protect and realise the assets of any of the Respondents and to sell or otherwise dispose of their assets.

6.   The Respondents shall pay the costs of the Applicant and the Liquidators, to be paid out of the Respondents' assets with the priority prescribed by r.199 of the Insolvency Rules, 2005.

7.   The Liquidators may apply for their remuneration, costs and expenses to be fixed by the Court.

8.   There be permission to apply.

**BY ORDER OF THE COURT**

_____

**DEPUTY REGISTRAR**

4

**IN THE EASTERN CARIBBEAN SUPREME COURT**
**IN THE HIGH COURT OF JUSTICE**
**VIRGIN ISLANDS**
**COMMERCIAL DIVISION**

**CLAIM NO. BVIHC (COM) 2019/**

**IN THE MATTER OF THE INSOLVENCY ACT, 2003**
**AND IN THE MATTER OF WORLD-WIDE INVESTMENT SERVICES LIMITED**
**AND IN THE MATTER OF NEW CENTURY PROPERTIES LIMITED**
**AND IN THE MATTER OF HENG CHEONG PACIFIC LIMITED**

**BETWEEN:**

**MASAYUKI YAMAKAWA**

**Applicant**

**-and-**

**(1) WORLD-WIDE INVESTMENT SERVICES LIMITED**
**(2) NEW CENTURY PROPERTIES LIMITED**
**(3) HENG CHEONG PACIFIC LIMITED**

**Respondents**

_____

**DRAFT ORDER**

_____



**FORBES HARE**

**Qwomar Building**
**P.O. Box 4649**
**Road Town, Tortola VG1110**
**British Virgin Islands**
**Tel: +1 284 494 1890**

**Legal Practitioners for the Applicant**
**Contact: Richard Baird**
